IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRYL TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| U.S. BANK NATIONAL | § | CIVIL ACTION NO. H-13-3783 |
| ASSOCIATION, as Trustee for | § | |
| Residential Asset Mortgage | § | |
| Products, Inc., Mortgage | § | |
| Asset-Backed Pass-Through | § | |
| Certificates, Series 2005-NC1, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darryl Taylor brought this action against defendant U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-NC1 ("U.S. Bank") in the 234th Judicial District Court of Harris County, Texas, where it was filed under Cause No. 2013-72202. U.S. Bank removed the action to this court. Pending before the court is Defendants' Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") (Docket Entry No. 10). For the reasons explained below, U.S. Bank's Motion to Dismiss will be granted.

## I.   Background

On October 14, 2005, Taylor executed a Texas Home Equity Security Instrument granting Home123 Corporation a lien on his

Harris County homestead in order to secure a home equity loan.[1]
U.S. Bank, the current holder of the Note, sought judicial
foreclosure on Taylor's homestead under the Note and Security
Instrument.[2]   On September 19, 2013, Taylor sent a Notice of
Request to Cure ("Request to Cure") to U.S. Bank alleging several
violations of the Texas Constitution in the origination of his home
equity loan.[3]

On December 2, 2013, Taylor brought this action in the 234th
Judicial District Court of Harris County, Texas, where it was filed
under Cause No. 2013-72202.[4]   U.S. Bank removed the action to this
court.[5]   The parties filed a Stipulation on January 2, 2014,
stating that Taylor would file an amended complaint and that U.S.
Bank would respond within twenty-one days of its filing.[6]   The

---

[1]First Amended Complaint, Docket Entry No. 7, pp. 2–3
¶¶ 10–11; Texas Home Equity Fixed/Adjustable Rate Note ("Note"),
Exhibit 1 to First Amended Complaint, Docket Entry No. 7-1, p. 2;
Texas Home Equity Security Instrument ("Security Instrument"),
Exhibit 2 to First Amended Complaint, Docket Entry No. 7-1, p. 8.
Page citations to exhibits are to the pagination imprinted by the
federal court's electronic filing system at the top and right of
the document.  Page citations to the briefs are to the native page
numbers at the bottom of the page in the documents.

[2]First Amended Complaint, Docket Entry No. 7, p. 1 ¶ 1, p. 3
¶ 12; Motion to Dismiss, Docket Entry No. 10, p. 2 ¶ 7.

[3]Notice of Request to Cure ("Request to Cure"), Exhibit 3 to
First Amended Complaint, Docket Entry No. 7-1, p. 26.

[4]Original Petition and Request for Disclosures, Exhibit A-2 to
Notice of Removal of Civil Action ("Notice of Removal"), Docket
Entry No. 1-2, p. 4.

[5]Notice of Removal, Docket Entry No. 1.

[6]Stipulation, Docket Entry No. 5.

court incorporated the Stipulation into an Order dated January 3, 2014.[7]

On January 6, 2014, Taylor filed his First Amended Complaint.[8] On January 24, 2014, U.S. Bank filed the pending Motion to Dismiss.[9]  On January 29, 2014, Taylor filed a Motion to Remand,[10] which the court denied.[11]  On February 14, 2014, Taylor filed his response to the pending Motion to Dismiss.[12]  On February 27, 2014, U.S. Bank filed its reply.[13]

## II.  Applicable Law

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The court must

--------------------------------------

[7]Order, Docket Entry No. 6.

[8]First Amended Complaint, Docket Entry No. 7.

[9]Motion to Dismiss, Docket Entry No. 10.

[10]Plaintiff's Motion to Remand, Docket Entry No. 11; see also Defendant's Response to Plaintiff's Motion to Remand, Docket Entry No. 14.

[11]Order, Docket Entry No. 18.

[12]Plaintiff's Response to Defendant's Motion to Dismiss ("Reponse"), Docket Entry No. 13.

[13]Reply in Further Support of Defendant's Motion to Dismiss for Failure to State a Claim ("Reply"), Docket Entry No. 17.

accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.

> "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974)).   To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  Plausibility requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (quoting Twombly, 127 S. Ct. at 1966) (internal quotation marks omitted).  "Further, a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action."  Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

When considering a motion to dismiss courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. Isquith ex rel. Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 194 n.3 (5th Cir. 1988).

Taylor has attached copies of the Note, Security Instrument, Request to Cure, and a printed report from the Harris County Appraisal District's website to his First Amended Complaint. "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007). The court will exclude all other documents attached to other pleadings for purposes of the Motion to Dismiss. See Isquith, 847 F.2d at 194 n.3.

### III.  Analysis

In his First Amended Complaint, Taylor alleges causes of action for six violations of the Texas Constitution, breach of

contract, and quiet title. He also seeks declaratory and injunctive relief.

## A.  Violations of the Texas Constitution

Taylor alleges violations of six provisions of Article XVI, § 50(a)(6) of the Texas Constitution regarding his home equity loan. He alleges (1) that the principle amount of the loan exceeded 80% of the homestead's fair market value, in violation of § 50(a)(6)(B);[14] (2) that the loan closed within twelve days of when the lender provided the notice required under § 50(g), in violation of § 50(a)(6)(M)(I);[15] (3) that he did not receive a copy of the final loan documents at closing, in violation of § 50(a)(6)(Q)(v);[16] (4) that he did not receive notice of his right to rescind under § 50(a)(6)(Q)(viii);[17] (5) that there was no appraisal prepared consistent with § 50(h)(1);[18] and (6) that there was no written acknowledgment of the homestead's fair market value, in violation of § 50(a)(6)(Q)(ix).[19] Taylor argues that because of U.S. Bank's

---

[14]First Amended Complaint, Docket Entry No. 7, p. 3, ¶ 13.1.

[15]Id. at 3-4 ¶ 13.2.

[16]Id. at 4 ¶ 13.3.

[17]Id. ¶ 13.4.  The court notes that notice of Taylor's right to rescind appears in capitalized bold type in a box directly above the signature block in Taylor's Security Instrument.  Security Instrument, Exhibit 2 to First Amended Complaint, Docket Entry No. 7-1, p. 23.

[18]First Amended Complaint, Docket Entry No. 7, p. 4 ¶ 13.5. Taylor incorrectly cites § 50(a)(6)(h)(1), which does not exist.

[19]Id. at 4-5 ¶ 13.6.

failure to cure these violations within sixty days of his Request to Cure, the lien against his homestead must "be declared void" and U.S. Bank must "forfeit[] all principal and interest on the loan."[20]

U.S. Bank argues that Taylor's causes of action based on these alleged violations of the Texas Constitution are barred by the four-year statute of limitations provided in § 16.051 of the Texas Civil Practice and Remedies Code.  The court agrees with U.S. Bank.

In Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667 (5th Cir. 2013), the Fifth Circuit held that the four-year statute of limitations found in § 16.051 of the Texas Civil Practice and Remedies Code "applies to constitutional infirmities under Section 50(a)(6)."  708 F.3d at 674.  The court also held that the statute of limitations begins to run on the date of the injury, which for violations of § 50(a)(6) is the date of the closing of the lien. Id. at 675-76.  Although the plaintiffs in Priester had brought claims under § 50(a)(6)(M)(I) and § 50(a)(6)(N), "Priester's holding applies to § 50(a)(6) in its entirety." Prutzman v. Wells Fargo Bank, N.A., No. H-12-3565, 2013 WL 4063309 (S.D. Tex. Aug. 12, 2013); see also Moran v. Ocwen Loan Servicing, L.L.C., No. 13-20242, 2014 WL 1193510, at *1-3 (5th Cir. Mar. 24, 2014); Wiltse v. Carrington Mortg. Servs., L.L.C., 540 F. App'x 342, 342-43 (5th Cir. Sept. 20, 2013); Ausmus v. Deutsche Bank Trust Co. Nat. Ass'n, No. 3:13-CV-148, 2013 WL 3938515, at n.3 (S.D. Tex. July 29, 2013).

---

[20]Id. at 5 ¶ 15.

Taylor advances three arguments why § 16.051 should not apply in this case: (1) <u>Priester</u> was wrongly decided,[21] (2) because limitations would not bar the use of § 50(a)(6) as a defense to foreclosure,[22] limitations should not bar its use "offensively in a declaratory action,"[23] and (3) Taylor's causes of action accrued when U.S. Bank failed to cure the alleged defects after receiving the Request to Cure.[24] The Fifth Circuit addressed identical arguments in <u>Moran</u> and found each to have no merit. <u>Moran</u>, 2014 WL 1193510, at *2-3.

---

[21]Response, Docket Entry No. 13, pp. 9-11 ¶¶ 23-28.

[22]Under Texas law "[i]f a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required." Tex. Civ. Prac. & Rem. Code Ann. § 16.069 (West); <u>see also</u> <u>Sigaran v. U.S. Bank Nat. Ass'n</u>, No. H-12-3588, 2013 WL 2368336, at *8 (S.D. Tex. May 29, 2013) (citing <u>Hennigan v. Heights Sav. Ass'n</u>, 576 S.W.2d 126, 130 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); <u>Schanzle v. JPMC Specialty Mortg. LLC</u>, No. 03-09-00639-CV, 2011 WL 832170, at *4 & n.5 (Tex. App.—Austin Mar. 11, 2011, no pet.) (mem. op.). Here, Taylor has not brought a counterclaim against U.S. Bank -- instead, he has brought a separate action barred by limitations. <u>Cf.</u> <u>First Bank of Roxton v. Shankles (In re Shankles)</u>, No. 11-43075, 2013 WL 5348879, at *7-8 (Bankr. E.D. Tex. Sept. 23, 2013). Moreover, a lien securing a home equity loan "may be foreclosed upon only by a court order," Tex. Const. art. XVI § 50(a)(6)(D), and Taylor had the opportunity to assert his alleged "defense[s] to foreclosure" in the state-court judicial foreclosure proceedings. Response, Docket Entry No. 13, p. 11 ¶ 28.

[23]Response, Docket Entry No. 13, p. 11 ¶ 28.

[24]<u>Id.</u> at 13-14 ¶¶ 34-35.

Here, the loan was closed on October 14, 2005.[25]   This suit was brought on December 2, 2013, more than eight years later.[26] Therefore, Taylor's constitutional claims are barred by § 16.051's four-year statute of limitations and will be dismissed.   See Priester, 708 F.3d 673-76; Moran, 2014 WL 1193510, at *2-3; Wiltse, 540 F. App'x at 342-43.

## B.   Breach of Contract

Taylor alleges that § 50(a)(6) is "specifically incorporated"[27] into the Security Instrument through a provision stating:  "It is Lender's and Borrower's intention to conform strictly to provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution."[28]   Thus, Taylor's claim for breach of contract is based solely on the alleged violations of the Texas Constitution discussed above.[29]

---

[25]First Amended Complaint, Docket Entry No. 7, pp. 3-4 ¶ 13.2; Note, Exhibit 1 to First Amended Complaint, Docket Entry No. 7-1, p. 2; Security Instrument, Exhibit 2 to First Amended Complaint, Docket Entry No. 7-1, p. 8.

[26]Original Petition and Request for Disclosures, Exhibit A-2 to Notice of Removal, Docket Entry No. 1-2, p. 4.

[27]First Amended Complaint, Docket Entry No. 7, p. 5 ¶ 18; see also Response, Docket Entry No. 13, pp. 14-15 ¶¶ 36-41.

[28]Security Instrument, Exhibit 2 to First Amended Complaint, Docket Entry No. 7-1, p. 19 ¶ 19.

[29]See First Amended Complaint, Docket Entry No. 7, p. 5 ¶¶ 16-18.

Courts have held that claims for breach of contract premised on time-barred claims for violations of the Texas Constitution are subject to dismissal for failure to state a claim. See Nunez v. CitiMortgage, Inc., No. A-14-CA-89-SS, 2014 WL 819463, at *3 (W.D. Tex. Mar. 3, 2014); Skinner v. Wells Fargo Bank, N.A., No. H-13-2613, 2013 WL 5781244, at *3 (S.D. Tex. Oct. 25, 2013); Underwood v. Wells Fargo Bank, N.A., No. H:12-3437, 2013 WL 3788094, at *2 (S.D. Tex. July 18, 2013); Schanzle, 2011 WL 832170, at *5. Furthermore, Taylor's cause of action for breach of contract is barred by § 16.051's four-year statute of limitations. See Phelps v. U.S. Bank Nat. Ass'n, No. 2:13-CV-361, 2014 WL 991803, at *4 (S.D. Tex. Mar. 13, 2014) (holding that the residual four-year statute of limitations of § 16.051 applies to claims for breach of contract under Texas law).

Taylor argues that his "cause of action for breach of contract did not accrue until very recently when [he] gave [U.S. Bank] notice of the multiple constitutional violations and [U.S. Bank] failed to cure, as required by the Texas Constitution."[30] However, even under a contract "'[w]here a demand is a condition precedent to suit, the plaintiff may not, by failing or refusing to perform the condition, toll the running of the statute and reserve for himself the right to sue within the statutory period from such time as he decides to make a demand.'" Priester, 708 F.3d at 676 n.6 (quoting Aetna Cas. & Sur. Co. v. State, 86 S.W.2d 826, 831 (Tex.

---

[30]Response, Docket Entry No. 13, p. 15 ¶ 40.

Civ. App.—Fort Worth 1935, writ dism'd)).  Instead, "'it is the general rule that in such a case a demand must be made within a reasonable time after it may lawfully be made.'"  <u>Id.</u> (quoting <u>Aetna</u>, 86 S.W.2d at 831.  The Fifth Circuit "has found that 'reasonable' period of time to relate to the statute of limitations."  <u>Id.</u>

Here, the alleged breach of contract occurred when the original lender failed to "conform strictly to provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution,"[31] at the loan's closing.  Taylor's breach of contract claim therefore accrued on October 14, 2005,[32] more than eight years before this case was filed.  <u>See</u> <u>Phelps</u>, 2014 WL 991803, at *4 ("With respect to breach of contract, the cause of action accrues at the time of the breach." (citing <u>Via Net v. TIG Ins.</u>, 211 S.W.3d 310, 314 (Tex. 2006))).  Taylor's claim for breach of contract will therefore be dismissed as time-barred and for failure to state a claim.

## C.   Quiet Title

Taylor's cause of action for quiet title is based on his allegation that "[t]he Notice of Foreclosure upon which [U.S. Bank] asserts an interest, although facially valid, is in fact <u>invalid</u>

---

[31]Security Instrument, Exhibit 2 to First Amended Complaint, Docket Entry No. 7-1, p. 19 ¶ 19.

[32]First Amended Complaint, Docket Entry No. 7, pp. 3–4 ¶ 13.2; Note, Exhibit 1 to First Amended Complaint, Docket Entry No. 7-1, p. 2; Security Instrument, Exhibit 2 to First Amended Complaint, Docket Entry No. 7-1, p. 8.

and of no force or effect because [U.S. Bank's] uncured Constitutional violations have rendered [U.S. Bank's] underlying lien void _ab initio_."[33]   However, as explained in Priester, liens in violation of § 50(a)(6) are not void, but voidable, and become valid "once the period of limitations has passed."   708 F.3d at 674, 678; see also Nunez, 2014 WL 819463, at *3; Skinner, 2013 WL 5781244, at *3; Underwood, 2013 WL 3788094, at *2.   Accordingly, Taylor's quiet-title claim has no merit and will be dismissed.[34]

## IV.   Conclusions and Order

For the reasons explained above, the court concludes that Taylor has failed to state a plausible claim for relief under any cause of action advanced in his First Amended Complaint. Defendants' Motion to Dismiss for Failure to State a Claim (Docket Entry No. 10) is therefore **GRANTED**.

**SIGNED** at Houston, Texas, on this 29th day of April, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[33]First Amended Complaint, Docket Entry No. 7, p. 6 ¶ 22; see also Response, Docket Entry No. 13, pp. 15-16 ¶¶ 43-47.

[34]Because the court has concluded that Taylor has failed to state a plausible cause of action against U.S. Bank under any substantive law, no basis remains for the declaratory and injunctive relief requested in his First Amended Complaint.   See Morlock, L.L.C. v. JPMorgan Chase Bank, N.A., No. H-13-0734, 2013 WL 5781240, at *10-*14 (S.D. Tex. Oct. 25, 2013); Morlock, L.L.C. v. JP Morgan Chase Bank, N.A., No. H-12-1448, 2012 WL 3187918, at *7 (S.D. Tex. Aug. 2, 2012), aff'd, No. 12-20623, 2013 WL 2422778 (5th Cir. June 4, 2013).   Accordingly, Taylor's claims for declaratory and injunctive relief will be dismissed.